UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Eugene Martinez,<br><br>                    Petitioner<br><br>  v.<br><br>Kevin McMahill, et al.,<br><br>                    Respondents | Case No. 2:26-cv-00073-CDS-MDC<br><br>**Dismissal Order**<br><br>[ECF Nos. 1, 1-1] |

Pro se petitioner Anthony Eugene Martinez has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and an application for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("IFP application"), 1-1 ("petition"). I find good cause exists to grant Martinez's IFP Application. However, following a review of the petition under the Rules Governing Section 2254 Cases ("Habeas Rules"),[1] I find that the petition is unexhausted and federal abstention is required.

II.    **Discussion**

Martinez is a pretrial detainee in custody at the Clark County Detention Center in Las Vegas, Nevada. ECF No. 1-1 at 1. Martinez has been charged with residential burglary, grand larceny, and grand larceny auto in case number C-25-393189-1 before the Eighth Judicial District Court of Nevada.[2] It appears that Martinez's trial is set to commence on March 23, 2026. In his petition, Martinez alleges that his trial counsel has been ineffective regarding his duties of diligence, communication, and investigation. ECF No. 1-1. Martinez requests that this Court dismiss his state charges due to this violation of his due process rights. *Id.* at 7.

---

[1] I exercise my discretion to apply the rules governing § 2254 petitions to this § 2241 action. *See* Habeas Rule 1(b).

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court, accessible at https://www.clarkcountycourts.us/portal.

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Although it appears that numerous motions to dismiss counsel have been filed in the state court, Martinez has not raised this issue with the Nevada appellate courts.[3] As such, Martinez has not demonstrated that he has fully exhausted his state court remedies. *See Picard v. Connor*, 404 U.S. 270, 276 (1971) (holding that to properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court"); *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994) (holding that a claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based). As a matter of simple comity, this

---

[3] I also take judicial notice of the online docket records of the Nevada appellate courts, accessible at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

2

Court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of Martinez's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Further, Martinez seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). This case does not present extraordinary circumstances. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Martinez's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. Because Martinez faces no extraordinary or irreparable injuries, federal abstention is required.

Given the unexhausted nature of Martinez's petition and Martinez's failure to demonstrate that federal abstention should be set aside, I dismiss the petition without prejudice.

III.      Conclusion

It is therefore ordered that the IFP application **[ECF No. 1] is granted**.

It is further ordered that the petition **[ECF No. 1-1] is dismissed without prejudice**. Martinez is denied a certificate of appealability, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) file the petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for the respondents,[4] (3) informally serve the Nevada Attorney General with the petition (ECF No. 1-1), this order, and all other filings in this matter by sending a notice of electronic filing to the Nevada Attorney General's office, (4) enter final judgment, and (5) close this case.

Dated: January 20, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] No response is required from the respondents other than to respond to any orders of a reviewing court.